**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CLESTER BILLS**                                                                              **PLAINTIFF**

V.                                  **CASE NO. 3:16-CV-00282-BSM-BD**

**SHON RANNEY**                                                                              **DEFENDANT**

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.   **Discussion:**

Plaintiff Clester Bills, an inmate at Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit pro se and is proceeding without the help of a lawyer. (Docket entries #1, #2)

In Mr. Bills's complaint, he alleges Defendant Shon Ranney is trying to kill him. (#2) Mr. Bills offers no plausible factual support for this allegation. According to his complaint, the following facts have led Mr. Bills to conclude that Defendant Ranney is trying to kill him: Defendant Ranney has accused Mr. Bills of selling his medication; Defendant Ranney put Mr. Bills in protective custody; Defendant Ranney has pushed another young man down; and Defendant Ranney brought Mr. Bills his medication on a dinner tray that caused his "mouth to get raw in lest [sic] than ten seconds and cause long nats [sic] to form all over [his] toung [sic] and other places in [his] mouth." (#2) Mr. Bills alleges that Defendant Ranney is tampering with his food but offers no factual support. Rather, he states that his food tastes funny and concludes it must be because Defendant Ranney is tampering with his food. (#2)

Mr. Bills's complaint lacks any plausible factual allegations that would give rise to a constitutional claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(explaining that "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; instead, a prisoner must set forth sufficient factual matter that states a claim that plausible on its face); *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004)(court not required to "accept unreasonable inferences or sheer speculation as fact").

**III.** **Conclusion:**

The Court recommends that Mr. Bills's claims against Defendant Ranney be DISMISSED, without prejudice. This dismissal counts as a strike.

DATED this 21st day of October, 2016.

                                                                                                      UNITED STATES MAGISTRATE JUDGE